BLD-053                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4238
_____

IN RE:  MICHAEL FORREST,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 10-cv-01505)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 24, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(filed: December 10, 2010 )
_____

OPINION
_____

PER CURIAM

        Michael Forrest has filed a petition for a writ of mandamus directing the United

States Marshals to serve his complaint filed in the District Court.  For the reasons below,

we will deny the petition.

        Forrest filed a complaint in the District Court for the Eastern District of

Pennsylvania.  The District Court granted Forrest's motion to proceed in forma pauperis

and transferred the matter to the District Court for the Middle District of Pennsylvania.

After the transfer, Forrest filed a motion in the District Court for the Middle District requesting an order directing the United States Marshal to effect service of the complaint on the defendants. The District Court has not yet acted on the motion. On October 15, 2010, Forrest filed his mandamus petition.

A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary circumstance exists requires a two part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

If a plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, the District Court must order service by a United States Marshal or deputy marshal. See Fed. R. Civ. P. 4(c)(3). However, because Forrest is a prisoner, the District Court must first screen the case under § 1915A to determine whether the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. The District Court has not indicated that it has performed this screening yet. Thus, Forrest cannot show a clear and indisputable right to an order directing service of the complaint.

Moreover, we note that it is not clear that Forrest is entitled to proceed in forma pauperis in the District Court. In his application to proceed in forma pauperis dated May 14, 2010, Forrest checked "no" for the question that asked, "Have you, prior to the filing

2

of the complaint in this action and while a prisoner as that term is defined in 28 U.S.C. §1915(h), brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." However, Forrest has had three actions or appeals dismissed as frivolous: Forrest v. Fulcomer, C.A. No. 88-1036 (3d Cir. March 18, 1988); Forrest v. Vaughn, 2:95-cv-05994-WD (E.D. Pa. October 11, 1995); Forrest v. Meyers, 3:01-cv-02065-ARC-KH (M.D. Pa. Dec. 14, 2001). Moreover, he has known this since August 2004, when we denied his application to proceed in forma pauperis in another appeal and listed these cases. See Forrest v. Varner, C.A. No. 03-2911 (3d Cir. August 30, 2004).

Under § 1915(g), a prisoner who has three such dismissals may not proceed in forma pauperis unless he is in imminent danger of serious physical injury at the time he files the complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). It appears that in granting Forrest's motion to proceed in forma pauperis, the District Court for the Eastern District of Pennsylvania may not have been aware that Forrest had three "strikes" and, consequently, did not determine whether Forrest was in imminent danger.[1] The District Court for the Middle District of Pennsylvania may wish to reconsider whether Forrest is entitled to proceed in forma pauperis. We express no opinion on the merits of his application.

---

[1] Forrest's lack of candor in his application to proceed in forma pauperis is unacceptable. If, while a prisoner, he files a civil action or appeal in a federal court, he must inform the court that he has had three cases dismissed as frivolous and that he is required to demonstrate imminent danger of serious physical injury in order to proceed in forma pauperis.

For the above reasons, we will deny the petition for mandamus. The Clerk is directed to send a copy of this opinion to the District Court for the Middle District of Pennsylvania.